OPINION OF THE COURT
Ann B. Dufficy, J.
In this motion to controvert a search warrant the issue presented is whether the People are required to comply with CPL article 690 in order to take photographs inside a defendant’s home in the course of executing an otherwise valid search warrant.
A hearing having been held herein the court makes the following findings of fact and conclusions of law:
On May 10, 1984, upon the affidavit of Lieutenant Robert Holl, the Honorable Alan Beldock signed a search warrant for the defendant’s apartment in the premises of 66-28 Forest Avenue, the objects of which were a tan plastic container approximately six inches in diameter containing a white cream, and photographs of the said apartment occupied by Thomas Matteo, Jr. (the defendant herein), and Mr. and Mrs. Thomas Matteo, Sr.
Based upon the proof as adduced herein the court finds that the search warrant was in all respects lawful and based upon probable cause with following exception:
While the search warrant presented to and signed by Judge Beldock on May 10, 1984 expressly authorized the taking of photographs of the apartment, the affidavit of Lieutenant Robert Holl in support of the search warrant contained no information in support of, nor reference to, the taking of photographs.
On May 10, 1984, at approximately 4:00 p.m., the search warrant was duly executed. However, the plastic container *113 , sought in the search warrant was not found, and the officers took 10 black and white photos inside the apartment and left the premises.
It is the defendant’s position that the taking of the photographs herein constituted an unlawful search and seizure of property within the defendant’s home, while the People maintain that the taking of photographs did not violate any of the defendant’s constitutional rights since the police were lawfully in the apartment and were, therefore, entitled to take photographs of the premises, much as they were entitled to make visual observations.
The court finds the People’s position to be without merit. Here the court finds the photographing of the apartment to be a premeditated seizure of intangible visual images, which images may in fact constitute property which is evidence of the alleged crime, in support of the People’s case, if used at trial.
In the leading case of People v Teicher (52 NY2d 638), wherein a search warrant was employed to videotape the commission of a crime within the treatment room of the defendant’s dental office, the Court of Appeals held that the “visual images” taken by the camera constituted property within the meaning of CPL article 690 and CPL 690.10 (4) when such “property” was seized within an area in which there is a reasonable expectation of freedom from government intrusion. Clearly, as was the dentist’s office in Teicher the defendant’s home in the present case is such a protected area. (See, Katz v United States, 389 US 347.) As in the Teicher case this court finds that the taking of photographs under these circumstances was the seizure of “visual images” within the meaning of CPL 690.10 (4) taken from a constitutionally protected area and as such, as in Teicher, required specific authorization by the issuing court upon proper proof under CPL article 690.
CPL 690.10 (4) in describing property subject to seizure pursuant to a search warrant lists property which “[Constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of an offense.”
Here in the absence of supporting proof in the officer’s affidavit in any manner connecting the photographs with the offense, to wit: setting forth in what manner the photographs are evidence demonstrating the commission of an offense or demonstrating that the defendant participated in the commission of the offense, this court finds that the issuing court was without *114 authority to permit the taking of photographs within the defendant’s apartment upon the supporting proof submitted, and accordingly the motion is granted and the photographs are hereby suppressed.